| |
|---|
| **Wojtaszek v City of New York** |
| 2025 NY Slip Op 30066(U) |
| January 8, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151711/2017 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. SABRINA KRAUS**                    PART                57M

*Justice*

-----------------------------------------------------------------------------X

BARTLOMIEJ WOJTASZEK,

                     Plaintiff,

            - v -

THE CITY OF NEW YORK, NEW YORK CITY TRANSIT
AUTHORITY, METROPOLITAN TRANSPORTATION
AUTHORITY, METROPOLITAN TRANSPORTATION
AUTHORITY CAPITAL CONSTRUCTION

                 Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151711/2017 |
| MOTION DATE | 01/07/2025, 01/07/2025, 01/07/2025 |
| MOTION SEQ. NO. | 007 008 009 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 279, 280, 281, 282, 283, 284, 285, 286, 302, 303, 304

were read on this motion to/for               PRECLUDE           .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 287, 288, 289, 290, 291, 305, 306, 307

were read on this motion to/for               PRECLUDE           .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 292, 293, 294, 308

were read on this motion to/for               PRECLUDE           .

        Pending before the Court are three *in limine* motions made by Defendants. They are consolidated herein for disposition and determined as set forth below.

### Motion To Preclude Plaintiff's Expert from Offering Evidence That Plaintiff Is Entitled To Replacement Cost Of Health Insurance For Anyone Beyond Himself

        Plaintiff's economic experts opine that notwithstanding the fact that Plaintiff was single at the time of the incident, and only married his present wife Yelena Rabinovich about three years later in 2019, with whom he shares two daughters born after they married, that he should receive health insurance coverage through Local 731 for himself and his family.

---

**151711/2017   WOJTASZEK, BARTLOMIEJ vs. CITY OF NEW YORK**        **Page 1 of 4**
**Motion No.  007 008 009**

As Plaintiff was not married in May 2016 and he did not have any children on that accident date, the Court will limit Plaintiff's economic experts' testimony regarding Mr. Wojtaszek's economic loss of health insurance to the amount he would have to pay to purchase an individual health insurance policy, which was the type of coverage that he actually had in May 2016.

There is no derivative claim in this action.

Based on the foregoing the motion is granted.

**Motion To Preclude Plaintiff's Claim Regarding Loss Of Household Services**

Plaintiff offers the June 2024 report of Kristin K. Kucsma, M.A. and Kenneth T. Betz, MBA, M.A. that includes an economic claim for the cost of replacing the household services that Bartlomiej Wojtaszek has indicated to them that he cannot perform because of his injuries from his May 2016 accident.

From January 2020 - September 2024, Plaintiff's economic experts estimate a loss of $148,331.00 for household services performed by Plaintiff. Plaintiff's economic experts offered basis for the household services claim is that plaintiff's wife has taken over the responsibilities of cleaning, cooking, vacuuming, grocery shopping and doing the laundry and that additionally, plaintiff's parents and in-laws are available to assist with household chores.

As noted above, Plaintiff was not married in May 2016 at the time of the subject incident and his children were not born until 2020 and 2023. Moreover, Plaintiff's wife is not named as a plaintiff in the caption of this case.

In *Schultz v. Harrison Radiator* 90 N.Y.2d 311 (1997), the Court of Appeals addressed the loss of household services component of the damages awarded to the Plaintiff. In *Schultz*, defendant contended that since the plaintiff did not incur any actual expenditures on household

**151711/2017   WOJTASZEK, BARTLOMIEJ vs. CITY OF NEW YORK**                **Page 2 of 4**
  **Motion No.  007 008 009**

[* 2]                                              2 of 4

services between the accident and the date of verdict, having relied on the gratuitous assistance of relatives and friends, the jury improperly awarded Plaintiff $43,096.00 in that respect.

The Court finds that since Plaintiff has not come out of pocket for loss of household services to date, Plaintiff should be precluded from seeking damages for same at trial as they are not compensatory. However, Plaintiff may present evidence of future damages for loss of household services "… if they are reasonably certain to be incurred and necessitated by plaintiff's injuries." *Schultz v. Harrison Radiator Div. Gen. Motors Corp.*, 90 N.Y.2d 311, 321 (1997).

### Motion To Preclude Plaintiff's from Offering Evidence and Testimony Regarding Plaintiff's Economic Loss Assuming <u>That He Would Have Resumed Working As A Local 147 Laborer</u>

Defendants contend if Plaintiff's economic experts are able to testify about both the Local 731 and Local 147 calculations, that improperly enhances the credibility of a future loss of earnings and pension benefit claim by suggesting that there are two different ways for Mr. Wojtaszek to get to that result.

Plaintiff's economic experts have no basis for making this alternative calculation, other than the fact that the plaintiff had worked as a Sand Hog from 2011 through early 2016. The Local 147 calculations are a hypothetical calculation not supported by any factual information that Plaintiff could have or was going to go back to his old job.

Plaintiff's expert more-or-less concedes this point by describing the Local 147 calculation in her report as an alternative calculation, made at the request of counsel, in the event Plaintiff was able to continue his former membership with Local 147. That statement doesn't suggest that returning to Local 147 is a viable employment option for the plaintiff to a reasonable degree of economic certainty.

**151711/2017   WOJTASZEK, BARTLOMIEJ vs. CITY OF NEW YORK**
  **Motion No.  007 008 009**

**Page 3 of 4**

[* 3]

3 of 4

Additionally, the Local 147 calculations do not substantially change Plaintiff's economic experts' opinion about the amount of Plaintiff's accident-related loss of earnings and fringe benefits. Plaintiff's economic experts total future loss of Local 731 earnings and pension benefits estimate is $6.54 million; and the estimate of the total future loss of Local 147 earnings and pension benefits is $6.73 million, which is a difference of only $199,000 or 2.91%.

Based on the foregoing the motion is granted.

20250108093600SBKRAUSD60093DBEE9F4A429AB8163573487DA6

_____1/8/2025_____
**DATE**

_____
**SABRINA KRAUS, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | **X** | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151711/2017   WOJTASZEK, BARTLOMIEJ vs. CITY OF NEW YORK**
**Motion No.  007 008 009**

**Page 4 of 4**